1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIRINA CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARINA BIOTECH, a Delaware Corporation,<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT, TRADE NAME INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mirina Corporation ("Mirina"), for its Complaint herein, alleges as follows:

NATURE OF ACTION

1. This is an action for willful, knowing and intentional federal trademark infringement, trade name infringement, false designation of origin and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a) *et seq*., Washington State common law and the Washington State Consumer Protection Act, RCW § 19.86.020.

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____)................................................ 1

## THE PARTIES

2.     Plaintiff Mirina Corporation is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 1616 Eastlake Avenue East, Suite 200, Seattle, Washington 98102.

3.     Upon information and belief, Defendant Marina Biotech, is a corporation incorporated in the state of Delaware, with a mailing address of 3830 Monte Villa Parkway, Bothell, Washington 98021.

## JURISDICTION AND VENUE

4.     The Court has original jurisdiction over Plaintiff's trademark infringement and federal unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental jurisdiction over the state law unfair competition and unfair business practices claims pursuant to 28 U.S.C. § 1338(b), because those claims are joined with substantial and related claims under the Lanham Act.

5.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims at issue occurred in the State of Washington and in this district and a substantial part of the injury to the property and rights of Mirina that is the subject of these claims occurred in this judicial district.  Upon information and belief, Defendant does business in this district and a substantial part of the events giving rise to the claims occurred in this district.

## PLAINTIFF AND ITS RIGHTS

6.     Plaintiff Mirina Corporation is a Washington corporation with its principal place of business in Seattle, Washington.  Mirina offers RNA based therapeutic research and drug development services.  Plaintiff often promotes itself as, and generally is referred to by others as, "Mirina" (pronounced "mə-rē-nə", which is phonetically indistinct from "marina"), alone. Mirina has been promoting and offering its services since at least August 2008 to

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____) ................................................ 2

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

pharmaceutical companies and others under the marks MIRINA and MIRINA CORPORATION and the trade name "Mirina Corporation" (collectively, "the MIRINA Marks and Trade Name").

7.  Plaintiff uses its MIRINA Marks and Trade Name when seeking and engaging business and investment partners, customers and employees. As a result, the MIRINA Marks and Trade Name are valuable assets of the company and serve in the marketplace as indicators of the source of Mirina's services.

8.  Mirina has filed applications to register its marks with the U.S. Patent and Trademark Office (see Ex. A, Application No. 85094283 for MIRINA and Application No. 85094280 for MIRINA CORPORATION, both in International Class 42 for "Micro RNA targeted drug research and development; development of RNA based therapeutics and drugs; development of drugs and therapeutics for the treatment of a wide variety of diseases and other conditions, including cancer, fibrosis, liver disease, and renal diseases").

## DEFENDANT AND ITS INFRINGEMENT

9.  On information and belief, Defendant Marina Biotech first began using the MARINA and MARINA BIOTECH trademarks and the Marina Biotech trade name (collectively, "the MARINA Marks and Trade Name") on July 22, 2010 to promote its RNA based therapeutic research and drug development services to the public, shortly after Marina's predecessor, MDRNA, Inc., acquired Cequent Pharmaceuticals.

10. With actual knowledge of Plaintiff's senior rights in the MIRINA Marks and Trade Name, and previously having been told that the name change would create a conflict with Mirina, Defendant adopted and began using the MARINA Marks and Trade Name in competition with Mirina to offer and promote research an drug development services, including development of RNA based therapeutics. Webpage printouts from Defendant's website

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____)................................................. 3

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

www.marinabio.com are attached showing its prominent use of MARINA as a trademark for promoting its biotechnology goods and services.  See Ex. B.

11. The MARINA Marks and Trade Name are confusingly similar to the MIRINA Marks and Trade Name.  Indeed, Plaintiff has received correspondence misidentifying "Mirina" as "Marina."

**FIRST CLAIM**
**LANHAM ACT § 43(a) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

12. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 of this Complaint.

13. Defendant's use of the MARINA Marks and Trade Name for its goods and services constitutes false designation of origin, false or misleading description, false or misleading representation, and/or unfair competition.  Such unauthorized use is likely to cause confusion, mistake, or deception of others as to the affiliation, connection, or association of Defendant with Mirina, and is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the services of Defendant with those of Mirina.

14. Such false designations, description, and/or representation constitutes unfair competition and is an infringement of Mirina's rights in its MIRINA and MIRINA CORPORATION marks, in violation of Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a).

15. Defendant knew or should have known of Mirina's rights, and Defendant's conduct and continuation of that conduct were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

16. Mirina has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot fully be measured or compensated in economic terms.  Defendant's actions have damaged, and will

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____)................................................ 4

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

continue to damage, Mirina's market, reputation, and goodwill, and may discourage current and potential customers and others from dealing with Mirina. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

17. Mirina has been damaged by Defendant's actions in an amount to be proven at trial.

## SECOND CLAIM
## TRADE NAME INFRINGEMENT , 15 U.S.C. § 1125

18. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 17 of this Complaint.

19. Defendant's use of the MARINA Marks and Trade Name when conducting business and marketing, offering to sell, and selling Defendant's goods and services is likely to cause confusion and mistake. Such use by Defendant deceives, and is likely to deceive, others into believing that Defendant's services are sponsored by, approved by, or affiliated with Mirina, which they are not.

20. Defendant has actual and constructive knowledge of Mirina's senior rights in its MIRINA Marks and Trade Name, but despite such knowledge, Defendant has continued its infringing behavior in disregard of Mirina's rights.

21. Defendant's acts violate the Lanham Act, 15 U.S.C. § 1125(a).

22. Defendant knew or should have known of Mirina's rights, and Defendant's conduct and continuation of that conduct were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

23. Mirina has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage Mirina's market,

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____) ................................................. 5

reputation, and goodwill.  Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

24. Mirina has been damaged by Defendant's actions in an amount to be proven at trial.

### THIRD CLAIM
### UNFAIR COMPETITION UNDER RCW 19.86.020

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 of this Complaint.

26. Defendant's use of the MARINA Marks and Trade Name infringes Mirina's rights and constitutes an unfair method of competition in business and an unfair trade practice in business, as well as a fraudulent representation, which is damaging to the public interest in violation of Washington Consumer Protection Act, RCW 19.86.020.

27. Defendant's infringing use of the MIRINA Marks and Trade Name in connection with the promotion, marketing and sale of its services has been knowing, willful, and deliberate.

28. Mirina has been and will continue to be irreparably injured by reason of Defendant's unfair methods of competition and unfair trade practices in violation of the Washington Consumer Protection Act.  Such irreparable damage will continue unless the acts of Defendant are enjoined during the pendency of this action and thereafter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendant, and its respective officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from all acts that infringe any of the MIRINA Marks and Trade Name or are confusingly similar to any of the MIRINA Marks and Trade Name, either directly, contributorily, or by inducement.

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____) ................................................. 6

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

2.      That Defendant, and its respective officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from all acts of trademark infringement, trade name infringement, false designation of origin, and unfair competition, either directly, contributorily, or by inducement, including the use of the MARINA Marks and Trade Name or any term that is confusingly similar to the MIRINA Marks and Trade Name.

3.      That Defendant be required to deliver up to the Court any and all products, service materials, advertisements, promotions and any other materials in their possession, custody or control that infringe any of the MIRINA Marks and Trade Name.

4.      That Defendant be directed to file with this Court and serve on Plaintiff's counsel within thirty (30) days after the service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant complied with Paragraphs 1 through 3 immediately above.

5.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained, or will sustain, in consequence of Defendant's trademark infringement, trade name infringement, false designation of origin, and unfair competition, and to account for and pay to Plaintiff all gains, profits, and advantages derived by the Defendant that are attributable to such unlawful acts; and that such damages be increased as provided by 15 U.S.C. § 1117 and other provisions of law.

6.      That the Court finds the Defendant's trademark infringement, trade name infringement, false designation of origin, and unfair competition willful and adjudge this to be an exceptional case and award Plaintiff its reasonable attorneys' fees as provided by 15 U.S.C. § 1117 and other provisions of law.

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, TRADE NAME INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR
COMPETITION
(C-_____)................................................ 7

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

7. That the Defendant be ordered to pay Plaintiff the costs of suit and prejudgment interest on all sums allowed by law.

8. That Plaintiff be awarded such other and further relief as the Court may deem equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATED this 16th day of August, 2010.

    Respectfully submitted,

    SEED IP Law Group PLLC

    /s/Nathaniel E. Durrance
    Kevin S. Costanza, WSBA No. 25,153
    Nathaniel E. Durrance, WSBA No. 41,627
    701 Fifth Avenue, Suite 5400
    Seattle, Washington 98104-7092
    Telephone:  (206) 622-4900

    Attorneys for Plaintiff    1682067_1.DOC

COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT, TRADE NAME INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION
(C-_____)................................................. 8

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900